# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
_____

DAVID DERRINGER,

      Plaintiff,

v.                                    No. CIV 02-974 WJ/RLP

MICKEY C. CHAPEL, et al.

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT JUDGE THOMAS FITCH'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant Judge Thomas Fitch's

Motion to Dismiss [Docket No. 11]. The Court having considered the submissions of the parties

finds that Defendant Fitch's motion is well taken and shall be granted.

## BACKGROUND

Plaintiff David Derringer (hereinafter Derringer) filed his Civil Rights Complaint on

August 7, 2002 against Defendants Mickey C. Chapel, Jennifer Chapel (hereinafter Chapels), and

Judge Fitch. The Complaint alleges that the defendants violated various of Derringer's rights

under state and federal law during a state court adjudication of a water rights dispute involving

the Chapels and Derringer's wife and mother-in-law. In the state court case, the Chapels were the

plaintiffs, Derringer's wife and mother-in-law were the defendants, and Judge Fitch was the

presiding judge.

Derringer alleges that Judge Fitch erroneously failed to allow Derringer to be joined as a

party to the state court case. He further alleges that Judge Fitch had unethical connections to the

Chapels and was generally corrupt in his rulings in the state court proceedings. Finally, Derringer

alleges in a conclusory manner that Judge Fitch's rulings were jurisdictionally defective.  Judge

Fitch's motion to dismiss contends he is entitled to absolute judicial immunity.

**DISCUSSION**

Judges are immune from damages for civil liability for acts taken in their judicial capacity.

Stump v. Sparkman, 435 U.S. 349 (1978); Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir.

2002).  Judge Fitch is entitled to this immunity for his actions and decisions as a judge regardless

of error or motive.  Clevenger v. Saxoner, 474 U.S. 193, 199-200 (1985).  A judge will be subject

to liability only when he has acted in the clear absence of all jurisdiction.  Stump, 435 U.S. at 356-

57.

While Derringer alleges that Judge Fitch's rulings were jurisdictionally defective, he

alleges no facts to support that Judge Fitch acted in the clear absence of all jurisdiction.  In

Derringer's response to Judge Fitch's motion, he alleges that Fitch acted outside of all jurisdiction

because he acted contrary to law.  A court is required to liberally construe a pro se plaintiff's

pleadings; however, mere conclusory allegations will not support a claim without supporting

factual averments.  Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995); United States v. Fisher,

38 F.3d 1144, 1147 (10th Cir. 1994).  Judge Fitch, as State District Court judge, had subject

matter jurisdiction over all matters and causes not excepted in the Constitution of the State of

New Mexico.  N.M. Const. Art. V, § 13.  Thus, Judge Fitch acted within the jurisdiction of his

court in adjudicating the disputed water rights in the state case.  Even if Judge Fitch acted

contrary to the law and with a malicious intent, his acts would not be in the absence of all

jurisdiction.  Judge Fitch is therefore entitled to absolute judicial immunity.

Normally, a court will not dismiss a pro se claim with prejudice unless it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend the complaint. Gaines v. Stenseng, 292 F.3d 1222 (10th Cir. 2002); Curley v. Perry, 246 F.3d 1278 (10th Cir. 2001). I find in this case that Derringer cannot prevail on the facts he has alleged. Additionally, I find that there are no facts that Derringer could allege with regard to Judge Fitch and the state court proceedings over which he presided that would overcome Judge Fitch's absolute judicial immunity. Any amendment to the complaint with regard to Judge Fitch would thus be futile.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Judge Thomas Fitch's Motion to Dismiss [Docket No. 11] is hereby GRANTED and all claims against Defendant Judge Thomas Fitch are DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE