# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

v.                               No. CIV 02-974 WJ/RLP

MICKEY C. CHAPEL, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS MICK AND JENNIFER CHAPELS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants Mick and Jennifer Chapels' Motion to Dismiss [Docket No. 5]. Having reviewed the submissions of the parties and the relevant law, the Court finds that it lacks jurisdiction over the subject matter of this lawsuit and will therefore dismiss Plaintiff's Complaint with prejudice.

**BACKGROUND**

Plaintiff David Derringer (hereinafter Derringer) filed his Civil Rights Complaint on August 7, 2002 against Defendants Mickey C. Chapel, Jennifer Chapel (hereinafter Chapels), and Judge Fitch.[1] The Complaint alleges that the defendants violated various of Derringer's rights under state and federal law during a state court adjudication of a water rights dispute involving the Chapels and Derringer's wife and mother-in-law (hereinafter the Nevitts). In the state court case, the Chapels were the plaintiffs, the Nevitts were the defendants, and Judge Fitch was the presiding judge. Derringer was permitted to join as an intervenor.

In 1994, the Chapels filed a state court action seeking to confirm their senior water rights as against the Nevitts who lived upstream from the Chapels. The case proceeded to a jury trial,

---

[1]Judge Fitch was dismissed as a party by Order filed October 1, 2002 [Docket No. 21].

and the jury found for the Chapels and against the Nevitts. Exhibit A to Chapels' Motion. Based upon the verdict, Judge Fitch entered a Judgment and Injunction in 1996. Exhibit C to Complaint. The Nevitts appealed the 1996 Judgment and the New Mexico Court of Appeals affirmed. Exhibit B to Chapels' Motion.

The Chapels subsequently filed a motion to enforce the 1996 Judgment based on their belief that the Nevitts had violated the terms of the Judgment. Judge Fitch held an evidentiary hearing on the Chapels' motion to enforce, found in favor of the Chapels, and entered a second Judgment and Injunction in 2001. Exhibits C and D to Chapels' Motion. Derringer appealed the 2001 Judgment, and the New Mexico Court of Appeals affirmed. Exhibit E and F to Chapels' Motion. Derringer then filed his Complaint in this case.[2]

Derringer alleges that the Chapels conspired with the state court judge to deprive him of his rights secured to him by the Constitution and laws of the United States and the State of New Mexico. Derringer makes a plethora of accusations that Judge Fitch, in cahoots with the Chapels, applied and interpreted state water law in an illegal manner such that Derringer's rights were violated.

Chapels' Motion to Dismiss makes various arguments for dismissal of Derringer's state law claims, argues for dismissal of Derringer's claims under 42 U.S.C. Section 1983 based on a failure to adequately allege state action, and contends that this Court lacks subject matter jurisdiction over Derringer's claims under the Rooker-Feldman doctrine. The first issue that must be addressed is whether this case falls within the subject matter jurisdiction of this Court. Because

---

[2]The Court notes, based on Derringer's references in his Response to the Chapels' Motion to Dismiss [Docket No. 15], that Derringer has filed another case in this Court, No. CIV 02-1075 M/WWD, naming as defendants the Chapels, the New Mexico Supreme Court, at least one judge, and other individuals. Derringer's also states that there is still a matter pending before a state tribunal with regard to the issues raised in the present case. Complaint ¶ 72.

the Court determines it lacks subject matter jurisdiction over this case, it need not address the Chapels' other arguments in support of dismissal.

**LEGAL STANDARD**

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P 12(b)(1), a party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995). A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

**DISCUSSION**

Under the Rooker-Feldman Doctrine, "[a] federal district court does not have authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court." Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). "Federal district courts do not have jurisdiction over challenges to state-court decision in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Van Sickle, 791 F.2d at 1436 (citing Feldman, 460 U.S. at 486). While a federal district court does have jurisdiction over general attacks on the constitutionality of state laws, it does not have jurisdiction over a plaintiff's constitutional claim that a state court erred in

its application of state law to the plaintiff.  Van Sickle, 791 F.2d at 1436; See also Facio v. Jones, 929 F.2d 541 (10th Cir. 1991); Bisbee v. McCarty, 2001 WL 91411 No. 00-1115 (10th Cir. Feb. 2, 2001) (unpublished opinion).

While Derringer's Complaint is not the model of clarity and is anything but succinct, it is clear that his entire cause of action is an attempt to have this Court review the state court proceedings before Judge Fitch, find that Judge Fitch's application of state water law to the state proceedings was erroneous and unconstitutional, and enjoin enforcement of the state court judgment.  As noted above, this Court has no authority or jurisdiction to review the judgments of Judge Fitch, the New Mexico Court of Appeals, or any other judgment from the state courts.  Thus, the Court must dismiss Derringer's complaint based on a lack of subject matter jurisdiction.  Because the Court reaches this result, it need not address the Chapels' other arguments in support of their Motion to Dismiss.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants Chapels' Motion to Dismiss [Docket No. 5] is hereby GRANTED on the basis that this Court lacks subject matter jurisdiction over Plaintiff's claims.

IT IS FURTHER ORDERED that Plaintiffs' Complaint and all remaining claims therein are hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE