IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

v.                                          No. CIV 02-974 WJ/RLP

MICKEY C. CHAPEL, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANTS MICK AND JENNIFER CHAPELS'
## MOTIONS FOR ATTORNEYS' FEES AND SANCTIONS

THIS MATTER comes before the Court pursuant to Defendants Mick and Jennifer Chapels' Motion for Attorneys' Fees [Docket No. 35] and Motion for Sanctions [Docket No. 4]. Having considered the pleadings, the relevant law, and otherwise being fully advised in the premises, the Court finds that the Motion for Sanctions should be denied but the Motion for Attorneys' Fees shall be granted as explained below.

**BACKGROUND**

David Derringer, plaintiff *pro se*, filed his twenty-nine page complaint accompanied by 42 pages of exhibits on August 7, 2002. As defendants, Derringer named Judge Thomas Fitch, a district court judge for the State of New Mexico, and Mickey and Jennifer Chapel. Derringer's complaint alleged that the defendants violated various of Derringer's rights secured by state and federal law during a state court adjudication of a water rights dispute that was initiated in 1994.

The state court dispute was presided over by Judge Fitch. The Chapels were the plaintiffs in that action and Derringer's wife and mother-in-law (the Nevitts) were the defendants. The action concerned water rights on adjacent properties with the Chapels owning one of the

properties and the Nevitts, in 1994, owning the other property. After a jury trial, a judgment and injunction was entered in favor of the Chapels in 1996. The Nevitts appealed this judgment, and the judgment was affirmed by the New Mexico Court of Appeals.

According to the Chapels, the Nevitts violated the terms of the 1996 judgment. Thus, the Chapels returned to state court in front of Judge Fitch seeking to enforce the terms of the 1996 judgment. In 1995, Derringer had become one of the owners of the Nevitt property. Accordingly, Derringer sought to be joined as a party to the pending state court action. Rather than permitting his joinder as a party defendant, Judge Fitch permitted Derringer to intervene in the case. After an evidentiary ruling, Judge Fitch found in favor of the Chapels and entered a second judgment and injunction on November 7, 2001. Derringer appealed the 2001 judgment, and the Court of Appeals affirmed. In 2002, the Chapels filed a Petition for Foreclosure seeking foreclosure of a judgment lien arising out of the original judgments in the 1994 state cause of action.

Derringer, wholly dissatisfied with the results of the state court proceedings, filed the instant lawsuit on August 8, 2002. In his complaint, Derringer alleged that the Chapels conspired with Judge Fitch in the 1994 state court proceedings to violate Derringer's rights secured to him by the constitutions and laws of the United States and the State of New Mexico. As relief, Derringer sought to enjoin the state court foreclosure proceedings, sought to have this Court recuse Judge Fitch from any further proceedings involving the issues litigated between Derringer and the Chapels, sought to have all laws and constitutional protections enforced through methods including the criminal prosecution of the Chapels and Judge Fitch and the removal of Judge Fitch from the bench, and sought damages from each defendant.

By separate orders, this Court denied Derringer's motions for an injunction regarding the Chapels' lien on Derringer's property and his motion to recuse Judge Fitch from the state court case. This Court then granted Judge Fitch's motion to dismiss based on absolute judicial immunity and granted the Chapels' motion to dismiss based on the Court's lack of subject matter jurisdiction under the Rooker-Feldman Doctrine. I believe these orders explained the limits of this Court's jurisdiction under the Rooker-Feldman doctrine and the extent of absolute judicial immunity.

In spite of the Court's explanation of the law and its application to this case, Derringer filed a motion for reconsideration with regard to each of the Court's orders. Derringer's various motions and responses to Defendants' motions did not make rational arguments on the law and facts in support of his claims. Instead, they merely repeat that Derringer believes the law is wrong and that this Court must permit him to continue his lawsuit because of his pro se status.

**DISCUSSION**

I.  RULE 11 SANCTIONS

Federal Rules of Civil Procedure Rule 11 provides that,

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose . . .; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or establishment of new law; (3) the allegations and other factual contentions have evidentiary support . . ..

Fed. R. Civ. P. 11. By referring to pleadings, motions, and other papers filed by unrepresented parties, the rule clearly applies to parties appearing pro se. See Merrigan v. Affiliated Bankshares of Colorado, Inc., 775 F. Supp. 1408 (D. Colo. 1991); In re Winslow, 121

3

B.R. 598 (D. Colo. 1990). In deciding whether to impose Rule 11 sanctions against an attorney, a district court must apply an objective standard and determine whether a reasonable and competent attorney would believe in the merit of an argument or claim. See Dodd Ins. Serv., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152 (10th Cir. 1991); White v. General Motors Corp., Inc., 908 F.2d 675 (10th Cir. 1990). In determining whether to impose sanctions against a pro se litigant, a court should consider the litigant's pro se status. See Wesley v. Don Stein Buick, Inc., 184 F.R.D. 376 (D. Kan. 1998); Harrison v. Luse, 760 F. Supp. 1394 (D. Colo. 1991). Thus, Rule 11 sanctions are not appropriate when a reasonable pro se litigant would believe his claim or argument had merit.

Having found that Rule 11 sanctions can be appropriately imposed on a pro se litigant, the Court would normally analyze whether Derringer made reasonable inquiry into the law and facts of this case, whether Derringer filed this cause of action for any improper purpose, whether a reasonable pro se litigant would believe Derringer's claims and other legal contentions were warranted, and whether Derringer reasonably believed that his factual allegations had evidentiary support or would likely have evidentiary support after discovery. During such analysis, the Court would consider that other courts have imposed sanctions in cases similar to the one at bar. For instance, in Wright v. Tackett, the Seventh Circuit found that Rule 11 sanctions were appropriate against a pro se litigant who brought civil rights claims against a state court trial judge and other parties to a state court action for allegedly conspiring to deprive him of his rights. 39 F.3d 155 (7th Cir. 1994). In that case, the trial court specifically found that the pro se plaintiff had pursued the federal action for the purpose of delaying a state court foreclosure action. Id. As I am sure the parties will appreciate, the facts in Wright are remarkably similar to the facts of this case.

The Court need not, however, engage in the analysis necessary to determine the propriety of sanctions under Rule 11.  The Court notes that the Chapels have not indicated that they have complied with the requirements of Rule 11(c)(1)(A).  This "safe harbor" provision requires that the party against whom sanction are sought have an opportunity to withdraw or correct any paper, claim, contention or allegation that violates Rule 11.  There is no indication that Derringer was ever served with a Rule 11 motion that would have put him on notice that his failure to withdraw or correct any claims, contentions or allegations that were frivolous, meritless or made for an improper purpose could result in sanctions.  Therefore, this Court will deny the Chapels' Motion for Sanctions under Rule 11.

II.	ATTORNEY'S FEES UNDER 42 U.S.C. § 1988

Under 42 U.S.C. § 1988, attorney's fees may be awarded to prevailing defendants when a pro se plaintiff's action is shown to have been frivolous, unreasonable, or without foundation even if not brought in bad faith.  Hughes v. Rowe, 449 U.S. 5 (1980); Houston v. Norton, 215 F.3d 1172 (10th Cir. 2000).  "Under the liberal rules applicable to pro se complaints, an action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of his claim."  Van Sickle v. Holloway, 791 F.2d 1431 (10th Cir. 1986).  A plaintiff's action is meritless when it is groundless or without foundation.  Houston, 215 F.3d at 1174 (citing Hughes, 449 U.S. at 14-15).  "A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  Id.  "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.  Even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit."  Id.  A court should consider a pro se plaintiff's ability to

5

recognize the objective merit of his or her claim when analyzing a defendant's request for attorney's fees under Section 1988.  Id.  However, a court abuses its discretion in failing to award attorney's fees to a defendant under Section 1988 when it is clear that no reasonable plaintiff could have believed that his claims were meritorious, or when a plaintiff continued to litigate frivolous claims after a reasonable plaintiff would have known those claims were frivolous.  See Crabtree v. Muchmore, 904 F.2d 1475 (10th Cir. 1990).

      I find that Derringer's claims and his continued prosecution of those claims was frivolous, meritless, groundless, vexatious and unreasonable.  Even if Derringer had an actual good faith belief that his claims had merit, this belief was not reasonable.  Derringer cited innumerable cases and rules of law in an attempt to support his legal contentions.  He was particularly prolific with citations allegedly supporting his perception that his pro se status gave him a special privilege to abuse the legal system and his opponents with his specious contentions.  His demonstrated ability to find law even only remotely supportive of his arguments shows he is not without ability to at least minimally investigate the merits of his claims.  A minimally reasonable inquiry would have disclosed that this Court lacked subject matter jurisdiction over Derringer's claims.

      As further evidence that Derringer's claims were without foundation, his allegations of conspiracy are conclusory and lack any supporting factual allegations.  In his responses to his opponents' motions to dismiss, Derringer made no attempt to cure this deficiency.  The Tenth Circuit has found that a prevailing defendant is entitled to an award of attorney's fees when a plaintiff's claims suffer a fundamental lack of evidentiary support.  See Crabtree, 904 F.2d 1475.  Derringer's attempt to establish state action under Section 1983 by alleging a conspiracy between Judge Fitch and the Chapels is supported by nothing more than an allegation that Judge Fitch and the Chapels had some prior relationship or dealings and an allegation that there must have been a

6

conspiracy because the Chapels got a favorable outcome in the state court proceeding with Judge Fitch presiding over the case.

Even if Derringer had originally believed his claims had merit, he could not have continued to reasonably believe this after the motion to dismiss filed by the Chapels on August 27, 2002. In their memorandum in support of their motion, the Chapels cited to Crabtree, 904 F.2d 1475 (10th Cir. 1990). If Derringer had read this case prior to responding to the motion, he would have been keenly aware that his claims lacked merit and might even subject him to sanctions. Instead of giving any argument in his response upon which this Court might find that Crabtree was not analogous to his case, Derringer responded with 23 pages of argument and nearly fifty pages of exhibits in support of his allegations that the Chapels committed fraud and perjury during the state court proceedings by contesting Derringer's version of the facts applicable to that case. He even alleged, without argument or support, that the Chapels' pleadings in this case violated Rule 11.

As noted above, I find that Derringer's claims in this case were frivolous, without merit, and unreasonably so even given Derringer's pro se status. As such, I find that the Chapels are entitled to their reasonable attorney's fees in defending this action. The Chapels did not include in their motion any information with regard to the amount of fees they seek. Thus, further briefing will be necessary to determine a reasonable attorney's fee.

I find at this point it will be helpful to all concerned to provide some cautionary instructions. The briefing on the issue of a reasonable attorney's fee will provide both parties with an opportunity to argue the amount of attorney's fees Derringer should pay. Parties are welcome and encouraged to vigorously dispute the attorney fee issue with arguments and allegations that are directed at the issue. The Court will not consider argument on issues or matters upon which a ruling has already been made. However, the Court cautions parties that the Court has

7

discretion to sanction a party under Rule 11 for filing any frivolous, vexatious, or meritless paper with the Court.

The Court will also take a brief opportunity to note that, subsequent to the filing of this cause of action, Derringer has filed another federal lawsuit. This was brought to the Court's attention by Derringer himself. In No. CIV-02-1075 M/WWD, Derringer makes allegations similar to those made in this case and names the Chapels as well as the New Mexico Supreme Court and other state court judges as defendants. This Court will forward a copy of this opinion to the judge assigned to that case.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants Mick and Jennifer Chapels' Motion for Sanctions [Docket No. 4] is hereby DENIED.

IT IS FURTHER ORDERED that Defendants Mick and Jennifer Chapels' Motion for Attorneys' Fees [Docket No. 35] is hereby GRANTED.

IT IS FINALLY ORDERED that Defendants Chapels file with the Court and serve on all parties their request with regard to the amount of fees, a brief on the issues of a reasonable attorney's fee, and all necessary exhibits to support their requested fees by December 6, 2003. Plaintiff will then have opportunity to respond to the request within the 14 day time limit for filing a response.

_____
UNITED STATES DISTRICT JUDGE