IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

v.                                              No. CIV 02-974 WJ/RLP

MICKEY C. CHAPEL, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANTS MICK AND JENNIFER CHAPELS'
## MOTIONS FOR ATTORNEYS' FEES AND SANCTIONS

THIS MATTER comes before the Court pursuant to Defendants Mick and Jennifer Chapels' Motion for Attorneys' Fees [Docket No. 35] and this Court's Order filed November 18, 2002 [Docket No. 42] granting the motion and order for briefing and exhibits on the issue of a reasonable fee. Having considered the parties' briefs and the tendered exhibits, I will award fees as described and for the reasons explained herein.

**BACKGROUND**

The background of this case is explained fully in previously filed orders in this case. For the sake of brevity, I will not give the complete background. Suffice it to say that Plaintiff *pro se* David Derringer filed his twenty-nine page complaint alleging that defendants, Judge Thomas Fitch, a district court judge for the State of New Mexico, and Mickey and Jennifer Chapel violated various of Derringer's rights secured by state and federal law during a state court adjudication of a water rights dispute that was initiated in 1994 and fully adjudicated in state court. Derringer filed the instant lawsuit based on his dissatisfaction with the outcome of the state court proceedings and his stated belief that the state court judge and the Chapels conspired to

violate his rights.  This Court granted Judge Fitch's motion to dismiss based on absolute judicial immunity and granted the Chapels' motion to dismiss based on the Court's lack of subject matter jurisdiction under the Rooker-Feldman Doctrine.  Derringer's various motions and responses to Defendants' motions did not make rational arguments on the law and facts in support of his claims.  Instead, Derringer's pleadings they merely repeat that he believes the law is wrong and that this Court must permit him to continue his lawsuit because of his *pro se* status.

The Chapels filed a motion for attorneys' fees [Docket No. 35].  By a Memorandum Opinion and Order filed November 18, 2002, this Court granted the motion for the reasons stated in that Order [Docket No. 42].  Because the Chapels' motion did not include any information regarding their requested fee, I ordered the Chapels to file a request for fees with a brief on the issue of reasonableness and all necessary exhibits to support their request.  The Chapels have now filed a Memorandum Regarding the Amount of Attorney Fees [Docket No. 43], and Plaintiff has filed a Response [Docket No. 46].

**DISCUSSION**

I.        PRELIMINARY MATTERS

          A.        Jurisdiction of this Court to Rule on the Issue of Attorneys' Fees

In Plaintiff's Response [Docket No. 46], he argues that this Court lacked jurisdiction to grant the Chapels' motion for attorney's fees. The Chapels' filed their motion for attorneys' fees on October 10, 2002.  Plaintiff filed a notice of appeal on October 25, 2002.  This Court ruled on the Chapels' motion on November 18, 2002.  Plaintiff argues that this Court lacked jurisdiction to rule on the motion because its ruling occurred after Plaintiff's notice of appeal was filed, and a district court loses jurisdiction over a case when a notice of appeal is filed.

Plaintiff is correct that the filing of a notice of appeal generally divests a district court of jurisdiction over issues on appeal. Lancaster v. Independent School Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998). However, a district court retains jurisdiction over collateral matters not involved in the appeal, and attorneys' fees awards are collateral matters over which the district court retains jurisdiction. Id.

> B.   Rule 11 Sanctions for Plaintiff's Response [Docket No. 46].

Within the Memorandum Opinion and Order filed November 18, 2002 [Docket No. 42], I provided some cautionary instructions to the parties regarding their briefs on the issue of a reasonable attorney's fee. I specifically stated that I would consider arguments directed solely to the issue of attorneys' fees and would not consider argument on issues or matters upon which a ruling had already been made. I also reminded the parties that the Court has discretion to sanction a party under Rule 11 for filing any frivolous, vexatious, or meritless paper with the Court.

Plaintiff filed a Response brief that was a mere fifteen pages in length, and The Court appreciates Plaintiff's succinctness. Plaintiff also made an argument, comprising one page of his brief, that was directed at the issue of this Court's award of attorneys' fees. However, Plaintiff's response largely ignored the Court's cautionary instructions. Plaintiff's response brief consists primarily of argument and allegations with regard to the merits of Plaintiff's claims against all defendants in this case. The Court has already ruled on these claims and that ruling is now before the Tenth Circuit Court of Appeals. Plaintiff also attached to his response 13 exhibits comprising 43 pages. All of these exhibits are addressed to the merits of Plaintiff's claims. Plaintiff's response brief states that these exhibits are newly discovered evidence.

The only possible excuse for Plaintiff's disregard of this Court's instructions is that he believes that the new evidence attached to his brief constitutes matters on which the Court has not

3

ruled. I am strongly inclined to impose sanctions against Plaintiff for ignoring this Court's instructions as it shows a level of disdain for the authority of the Court that borders on contempt. As I noted in the November 18, 2002 order, Rule 11 sanctions are not appropriate when a reasonable pro se litigant would believe his claim or argument had merit. While there is the possibility that Plaintiff actually believed his response was in accordance with the Court's instructions, such a belief was not reasonable. However, Plaintiff's response did make one argument with regard to this Court's jurisdiction that a reasonable pro se litigant would believe had merit. For this reason, the Court will refrain from imposing sanctions in this instance.

II.     REASONABLE ATTORNEYS' FEES

This Court, in an Order filed November 18, 2002 [Docket No. 42], has already determined that the Chapels are entitled to an award of attorneys' fees under 42 U.S.C. § 1988 because Derringer's claims in this case were frivolous, without merit, and unreasonably so even given Derringer's pro se status. In determining a reasonable attorney's fee under Section 1988, a court first calculates the lodestar which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate. United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219 (10th Cir. 2000). A judge should approach the issue of reasonableness much as a senior partner in a law firm would review the billing of subordinate attorneys. Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). District courts must articulate specific reasons for fee awards to give the Tenth Circuit an adequate basis for review in the event an award is appealed. Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir. 1983) overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987).

A.  Reasonable Hourly Rate

In setting the hourly rate, a court should establish a billing rate based on the norm for lawyers of comparable skill and performance in private practice in the area in which the court sits calculated as of the time the court awards the fee. Ramos, 713 F.2d at 555. Chapels' counsel Mr. Manges is requesting an hourly rate of $150.00. Mr. Manges has 19 years experience in commercial litigation and 7 years experience in dealing with litigation between the Chapels and Derringer. This Court has historically found an hourly rate of $150 or more to be a reasonable hourly rate for attorneys with Mr. Manges' experience. On January 13, 1997 in CIV No. 94-137 MV/LFG, $165 was found to be a reasonable hourly rate for an attorney with 10 years experience. On April 24, 1997 in CIV No. 94-317 JC/LCS, $150 was found to be a reasonable hourly rate for an attorney with 10 years experience. On November 12, 1996 in CIV No. 80-623 JC/DJS, $175 was found to be a reasonable hourly rate for an attorney with 23 years experience. On December 14, 1995 in CIV No. 94-542 LH/DJS, $150 was found to be a reasonable hourly rate for an attorney with 18 years experience. On May 10, 1999 in CIV No. 97-1545 WWD/LFG, $185 was found to be a reasonable hourly rate for an attorney with 14 years experience. Based on these comparisons, I find that the normal rate for lawyers of comparable skill to Mr. Manges in this geographic area at this time is at least $150.00 an hour; thus, Mr. Manges' requested hourly rate is reasonable.

B.  Reasonable Hours Expended

In determining reasonable hours expended, a court should examine the total number of hours reported by each lawyer, question reported time in excess of the norm, determine the reasonableness of hours allotted to specific tasks, and determine any potential duplication of services. Ramos, 713 F.2d at 546. Prevailing parties who seek attorney's fees must keep

5

meticulous, contemporaneous time records. Id., at 553. Block billing or lumping tasks, however, is not per se forbidden. Cadena v. Pacesetter, Corp., 224 F.3d 1203 (10th Cir. 2000). A court may discount an attorney's requested hours if the time records are sloppy or imprecise. Jane L. v. Bangerter, 61 F.3d 1505 (10th Cir. 1995).

Mr. Manges requests reimbursement for 38.5 hours of his time.[1] Mr. Manges' time records reveal that he recorded 43.1 hours toward various tasks in this case, and reduced his time by 4.6 hours[2] for the time he spent preparing an unsuccessful motion for sanctions. I have carefully reviewed each of Mr. Manges' entries on his time sheets. I find that the total number of hours requested by Mr. Manges is reasonable. Further, I find that the time allotted to each specific task is more than reasonable and that the time records are sufficiently detailed, precise and contemporaneous. In fact, Mr. Manges' request for attorneys fees is about the most reasonable request I have reviewed in my eight years of experience as a state and federal judge. Therefore, I find that Mr. Manges is entitled to an award of attorneys' fees for 38.5 hours of his time.

C.  Gross Receipts Taxes

Expenses not taxable in accordance with 28 U.S.C. § 1920 that are normally itemized and billed in addition to the hourly rate should be included in fee allowances if reasonable in amount. Case v. Unified School Dist. No. 233, Johnson County Kan., 157 F.3d 1243, 1257 (10th Cir. 1998); Ramos, 713 F.2d at 559. New Mexico requires professionals to pay gross receipts tax on

---

[1] Mr. Manges' time records also indicate that an associate spent 1.1 hours on this matter at an hourly rate of $115. However, Mr. Manges' memorandum does not supply an information with regard to this associate and does not specifically request reimbursement for her time. Therefore, I make no findings with regard to the reasonableness of the hourly rate for the associate and do not make any award of fees with regard to the associate's time.

[2] Mr. Manges reduced the total hours by 5.2, but .6 hours of this adjustment was an adjustment of his associate's time.

6

their earnings. Consequently, attorneys in New Mexico bill gross receipts tax to their clients. Mr. Manges practices law in Santa Fe County. The current gross receipts tax rate in Santa Fe County is .066875 (6.6875%). Mr. Manges is entitled to an award of the gross receipts tax he must pay on his award of attorneys' fees.

RECAPITULATION OF FEE AWARD

Mr. Manges is entitled to an award of fees based on 38.5 hours of his time at a rate of $150.00 per hour. Thus, his fee award is $5775.00. Additionally, he is entitled to an award of the gross receipts tax he must pay on this amount which equals $386.20. His total award, then, is $6161.20.

**CONCLUSION**

IT IS THEREFORE ORDERED that Chapels' counsel is awarded attorneys' fees in the amount of $6161.20.

_____
UNITED STATES DISTRICT JUDGE